UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLIE RAY CARNEY,

                    Plaintiff,

        - against -

JAY JONES,

                    Defendant.

25-cv-9590 (JGK)

<u>Order</u>

---

**John G. Koeltl, District Judge:**

On May 11, 2026, the Court extended the time for the defendant to answer or otherwise respond to the complaint until May 29, 2026. ECF No. 8. The Court directed that, if the defendant failed to respond by that date, the plaintiff move by order to show cause for a default judgment by June 12, 2026. <u>Id.</u> The defendant failed to answer or otherwise respond to the complaint by May 29, 2026, but the plaintiff has not yet moved by order to show cause for a default judgment. The time for the plaintiff to move by order to show cause for a default judgment is extended until **June 30, 2026.** Failure to do so by that date will result in dismissal of the complaint for failure to prosecute. For Mr. Carney's reference, the Court has attached to this order its Individual Practices regarding default-judgment procedures.

The Clerk is respectfully instructed to mail a copy of this Order to the plaintiff and to note mailing on the docket.

**SO ORDERED.**

**Dated:**     **New York, New York**
              **June 18, 2026**

_____
John G. Koeltl
**United States District Judge**

2

The proposed sealed document must be contemporaneously filed under seal in the ECF system and electronically related to the motion. The summary docket text, but not the sealed document, will be open to public inspection and should not include confidential information sought to be filed under seal. Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing party shall: (a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document with the redactions highlighted. Both documents must be electronically filed through the ECF system and related to the motion.

To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. See, e.g., Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119–20 (2d Cir. 2006).  In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. See, e.g., In re Gen. Motors LLC Ignition Switch Litig., No. 14-MC-2543, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

The party seeking leave to file sealed or redacted materials should meet and confer with any opposing parties (or third parties seeking confidential treatment of the information, if any) in advance to narrow the scope of the request. When a party seeks leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it, that party shall notify the opposing party or third party that it must file, within three days, a letter explaining the need to seal or redact the materials.

Any party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move for leave of the Court to file in the traditional manner, on paper.

## VIII.  Default Judgment Procedures

### A. Remote Procedures

The plaintiff shall:

A.    File a proposed Certificate of Default and supporting declarations on ECF to obtain a Clerk's Certificate of Default.

For the most up to date instructions, refer to Section 16.1 of the SDNY Electronic Case Filing Rules & Instructions, available at: https://nysd.uscourts.gov/rules/ecf-related-instructions

9

**B.**    After the Clerk's Office issues a Certificate of Default, electronically file on ECF the following documents:

1.    A proposed Order to Show Cause;

2.    An attorney's affidavit stating why a default judgment is appropriate; and

3.    A proposed default judgment plus statement of damages.

**C.**    The proposed Order to Show Cause should contain the following text:

"The defendants shall respond in writing to this Order to Show Cause for a default judgment by_____. If the defendants fail to respond by that date, judgment may be entered against them and the defendants will have no trial. The plaintiff may reply by_____.

The plaintiff shall serve a copy of this Order to Show Cause by _____ and shall file proof of service by_____.

No personal appearances are required in connection with this Order to Show Cause."